# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANDRE RICHARDSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JENNIFER AIELLO, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:11 cv-00302-JCM-GWF<br><br>**FINDINGS AND**<br>**RECOMMENDATION; ORDER**<br><br>Motion to Proceed *In Forma Pauperis* (#1) |

This matter is before the Court on Plaintiff Andre Richardson's Application to Proceed *In Forma Pauperis* (#1).

## DISCUSSION

**I.　　Application to Proceed *In Forma Pauperis***

Pursuant to the Prison Litigation Reform Act (PLRA) of 1995, the District Court is required to assess a fee where a prisoner is granted leave to proceed *in forma pauperis* in a civil action, and the prison officials are required to collect and remit the money to the court. *See* 28 U.S.C. § 1915(b)(1)-(2). Pursuant to the IFP Motion Financial Certificate, a plaintiff must pay a filing fee of $350.00. If the plaintiff does not have $350.00, the plaintiff will not be allowed to proceed with the action until the plaintiff pays the appropriate fees. The plaintiff will be required to pay either 20% of the average monthly balance or 20% of the average monthly deposits in his inmate trust account, whichever is greater. Furthermore, the plaintiff will be required to pay installments of 20% of the preceding month's deposits to the account in months that the account balance exceeds $10.00.

Plaintiff attached a Financial Certificate to his application. After viewing the statement, the Court finds that Plaintiff does not have $350.00 in his account to pay the filing fee; Plaintiff's current account balance is $77.92. The Court further finds that Plaintiff's average monthly balance is $62.23. Plaintiff's request to proceed *in forma pauperis* will be granted and Plaintiff will be required to pay $12.45, which represents 20% of Plaintiff's average monthly balance of $62.23, towards the total filing fee.

## II.   Screening of Plaintiff's Complaint

### A.   Background

Plaintiff Andre Richardson alleges that, on or about May 20, 2009, his pet bird got out of its cage and bit his wife. (#1-1 at 5). Officers from the North Las Vegas Police Department and animal control responded to the incident and Plaintiff alleges that they unlawfully entered his home by forcing open the front gate and front door of the house. (*Id.*) Richardson claims that the officers beat him with their fists, tasered him and stomped on his head while he was handcuffed on the floor of his house. (*Id.*) As a result of the alleged attack by the police, Plaintiff states that he was "beaten into a coma, falsely charged [with a crime], falsely imprisoned" and denied his due process rights. (*Id.* at 5-6). According to the complaint, Plaintiff is serving time at High Desert State Prison after being convicted for the crime of coercion. Richardson argues that the coercion charge was fictitious and that he should be released and awarded damages.

### B.   Screening Standard Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

. . .

. . .

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed.R.Civ.P. 12(b)(6) and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-57 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The Court will now conduct a screening of Plaintiff's complaint to determine if he states viable claims for relief.

**C.     Count I and II**

In Count I and II, Plaintiff argues that Defendants Joseph Chronister, Kathryne Buehler, Lisa Ann Jackson, Matt Fay and Jeffrey Spory conducted an unlawful search of his home, and then unlawfully detained and arrested him in violation of his Fourth Amendment rights. (#1-1 at 6-7).

United States District Courts do not have jurisdiction to hear appeals from state trial court rulings. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003). The Rooker–Feldman doctrine prevents the Court from considering claims that amount to a review of the state court's ruling. The Rooker–Feldman doctrine stems from two cases recognizing that under Article III of the Constitution Congress controls the jurisdiction of the "inferior Courts" it creates. *See* U.S. Const. art. III, § 1. In both of those cases, parties who had lost in state court attempted to invoke the jurisdiction of the United States District Court to appeal the state-court rulings. In both cases, the federal statutes applicable at the respective times did not give the United States District Court appellate jurisdiction over the respective controversies. *See D.C. Ct.App. v. Feldman*, 460 U.S. 462, 476–79 (1983) (holding that denial of admission to practice law was a judicial matter, not an administrative one, making any federal jurisdiction appellate, not original, and therefore the avenue for review of a ruling of the D.C. Court of Appeals was not to the United States District Court, but to the United States Supreme Court); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (holding that under the statutes in place at the time, an appeal from the Indiana Supreme Court could be taken only to the United States Supreme Court, not to the United States District Court, because the jurisdiction of the latter court was strictly original).

Presumably, Congress could create appellate jurisdiction over state-court rulings in the United States District Court. The question in this case, as it was in *Rooker* and *Feldman*, is whether Congress has done so. It has not. Plaintiff brings the case under § 1983, but this Court has no statutory jurisdiction to entertain *de facto* appeals of state trial court rulings any more than it has jurisdiction to entertain formal appeals of such rulings. *See, e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008). The issue here (whether Plaintiff's conviction was

proper if the police violated his Fourth Amendment rights) must be litigated through the state courts because the issue is "inextricably intertwined" with the state-court decision. *See Feldman*, 460 U.S. at 483 n. 16 (stating "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."); *Reusser*, 525 F.3d at 859.

Therefore, because Plaintiff must appeal his criminal conviction and the relevant decisions made during his criminal trial to the Nevada Supreme Court. The Court will recommend that the defendants named in count I and II be dismissed due to Plaintiff's failure to state a claim upon which relief may be granted.

### D.   Count III - Police Brutality

Plaintiff additionally argues that Defendants Jennifer Aiello, Shane Forsberg, Renee McGee, Hugh Shook and Jeffery Spory attacked him with excessive force when they arrested him in violation of his Fourth Amendment rights. (#1-1 at 8-9).

All claims that law enforcement officers used excessive force, either deadly or non-deadly, in the course of an arrest, investigatory stop, or other seizure of a citizen are to be analyzed under the Fourth Amendment and its standard of objective reasonableness. *See Long v. City and County of Honolulu*, 511 F.3d 901, 906 (9th Cir. 2007); *see also Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989). The pertinent question in an excessive force case is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397; *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). The analysis of whether a specific use of force was reasonable "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396; *Blankenhorn*, 485 F.3d at 477; *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007). "We first assess the quantum of force used to arrest [the plaintiff]" and then "measure the governmental interests at

stake by evaluating a range of factors ." *Davis*, 478 F.3d at 1054. Factors that are considered in assessing the government interests at stake include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *Blankenhorn*, 485 F.3d at 477; *Davis*, 478 F.3d at 1054. Further, where it is or should be apparent that an individual is emotionally or mentally unstable, that is a factor that must be considered in determining the reasonableness of the force employed. *See Drummond*, 343 F.3d at 1058. "In some cases ..., the availability of alternative methods of capturing or subduing a suspect may be a factor to consider." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). However, police officers "are not required to use the least intrusive degree of force possible" as long as the force actually used was reasonable. *Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994); *see Gregory v. County of Maui*, 523 F.3d 1103, 1107 (9th Cir. 2008).

Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight ." *Graham*, 490 U.S. at 396; *Drummond*, 343 F.3d at 1058. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97; *Drummond*, 343 F.3d at 1058. Since "[n]ot every push or shove, even if it may seem unnecessary in the peace of the judge's chambers, ... violates the Fourth Amendment," *Graham*, 490 U .S. at 396, "[n]either tackling nor punching a suspect to make an arrest necessarily constitutes excessive force." *Blankenhorn*, 485 F.3d at 477. "Force is excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002). When the circumstances show that there is no need for force, any force used is constitutionally unreasonable. *See Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001); *see also Motley v. Parks*, 432 F.3d 1072, 1089 (9th Cir. 2005).

In screening Plaintiff's claim of excessive force, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to

the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). According to the complaint, during the process of arresting Plaintiff, Defendant North Las Vegas police officers tasered Richardson numerous times, kicked plaintiff in the face and beat him repeatedly with closed fists. (#1-1 at 8-9). Plaintiff alleges that police reports show that after he was unconscious, the officers dragged him across broken glass into a separate room and several officers beat him again. (*Id.*) As a result of the force used, Richardson allegedly became unconscious and entered into a coma. (*Id.*) He states that after he was arrested, he required medical treatment for a collapsed lung and remained in a coma for an unstated period of time. (*Id.*)

The complaint in this action does not clearly state the crime for which Plaintiff was arrested when alleged excessive force occurred, but it appears at the time he was arrested, he was charged with domestic violence and battery. (*See* #1-1 at 6). As such, the Court recognizes that at the time the police arrested Plaintiff, they believed he had committed a violent crime. There is no indication in the complaint whether Plaintiff was resisting arrest at the time the police allegedly used force against him and, accepting the allegations in the light most favorable to the plaintiff, the Court accepts for the purpose of screening that Plaintiff was not resisting arrest.

Considering all factual allegations in the light most favorable to the plaintiff, the Court finds that Richardson has stated a viable claim for excessive use of force under the Fourth Amendment. A reasonable officer at the time of the arrest would recognize that repeatedly beating and tasering a suspect who was not resisting arrest while using force capable of collapsing a lung and placing a suspect into a coma constitutes excessive force for effecting an arrest on a domestic violence charge. Therefore, the Court finds that Plaintiff has stated a viable claim for excessive force and will allow Plaintiff to proceed with this claim.

### III. Conclusion

The Court finds that Count I and II of Plaintiff's complaint constitute an appeal of a state court decision and do not state a viable claim for relief. The Court will recommend that these claims be dismissed. Plaintiff's Third Count, alleging a claim that the police used excessive force in effecting Plaintiff's arrest, does state a viable 1983 claim for violation of Richardson's

Fourth Amendment rights and the Court will allow that claim to proceed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1). Plaintiff may pursue his 42 U.S.C. § 1983 claim against Defendants Jennifer Aiello, Shane Forsberg, Renee McGee, Hugh Shook and Jeffery Spory, alleging excessive force in violation of his Fourth Amendment rights.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue a summons to Defendants Jennifer Aiello, Shane Forsberg, Renee McGee, Hugh Shook and Jeffery Spory and deliver the summons to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendant was served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document

submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or their counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendants Joseph Chronister, Kathryne Buehler, Lisa Ann Jackson and Matt Fay should be **dismissed with prejudice** because the claims in Counts I and II constitute an appeal of a state court conviction and do not state a viable claim for relief.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 21st day of June, 2011.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**